JS - 6    LINK: 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-01656 GAF (PJWx) | Date | March 26, 2013 |
|---|---|---|---|
| Title | GB Inland Properties II LLC v. Andrea Gutierrez et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers)**

## ORDER REMANDING CASE

## I.
## INTRODUCTION & BACKGROUND

On December 28, 2012, Plaintiff GB Inland Properties II, LLC ("GB") filed an unlawful detainer action in the Los Angeles County Superior Court against Defendant Andrea Gutierrez. (Docket No. 1, [Notice of Removal ("Not.")], Ex. A [Compl.].)  The action was filed as a limited jurisdiction action, seeking no more than $10,000.  (Id.)  Plaintiff alleges that on or about December 5, 2012, Plaintiff acquired the property at issue (the "Property"), located in La Puente, California, at a trustee's sale.  (Id. ¶¶ 2, 6.)  Defendant has since refused to quit the premises, despite being served a notice to quit.  (Id. ¶¶ 7-8.)  GB sought $63.57 per day in holdover damages from December 11, 2012 to the date of judgment.  (Id. at 3.)

Defendant, in pro per, removed the action to this Court on March 8, 2013, invoking the Court's federal question jurisdiction.  (Id. at 2.)  For the reasons set forth below, the Court concludes, sua sponte, that Defendant failed to establish this Court's subject matter jurisdiction. Accordingly, the Court **REMANDS** the case to Los Angeles County Superior Court.

## II.
## DISCUSSION

### A. LEGAL STANDARD

JS - 6    **LINK: 1**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-01656 GAF (PJWx) | Date | March 26, 2013 |
|---|---|---|---|
| Title | GB Inland Properties II LLC v. Andrea Gutierrez et al | | |

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441, 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION**

Defendant contends that the Court has jurisdiction under 12 U.S.C. § 1452 and 28 U.S.C. § 1352, and because questions arise under the Constitution. (Not. at 2.) 12 U.S.C. § 1452, which creates the Federal Home Loan Mortgage Corporation, clearly does not apply here. 28 U.S.C. § 1352, which pertains to bonds executed under federal law, similarly does not apply here. A generalized assertion of questions arising under the Constitution is also insufficient to confer jurisdiction. Defendant, rather than filing merely a removal petition, has essentially filed

JS - 6    LINK: 1

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-01656 GAF (PJWx) | Date | March 26, 2013 |
|---|---|---|---|
| Title | GB Inland Properties II LLC v. Andrea Gutierrez et al | | |

a complaint, asserting - in addition to her stated bases for jurisdiction - thirteen state and federal causes of action, including causes of action under the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collections Practices Act. However, these asserted "claims," or what more properly are in the removal context defenses to GB's unlawful detainer action, are inadequate to confer jurisdiction. It is undisputed that GB's Complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607, 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009). Therefore, removal jurisdiction is lacking, even if Defendant intends to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Accordingly, the Court determines that it does not have federal question jurisdiction.

### III.
### CONCLUSION

For the foregoing reasons, Defendant has not established subject matter jurisdiction in this case. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court.


**IT IS SO ORDERED.**